IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAM HALPER;<br>EVA HAMILTON;<br>SUSAN GILBERT;<br>MICHELLE ROMEO;<br>JOHNNA HALLER;<br>COMPREHENSIVE HEALTHCARE<br>MANAGEMENT SERVICES, LLC,<br>d/b/a Brighton Rehabilitation and Wellness<br>Center;<br>MT. LEBANON OPERATIONS, LLC,<br>d/b/a Mount Lebanon Rehabilitation and<br>Wellness Center,<br><br>                              Defendants. | Criminal No. 21-79 |

## GOVERNMENT'S MOTION TO LEAVE CERTAIN TRIAL EXHIBITS UNREDACTED

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar, Nicole A. Stockey, Karen Gal-Or, Jacqueline Brown, and Aaron McKendry, Assistant United States Attorneys for said District, hereby moves for permission to present certain exhibits at trial without the need to redact personal identifying information in accordance with Federal Rule of Criminal Procedure 49.1.

Rule 49.1(a) mandates that "*[u]nless the court orders otherwise*, in an electronic or paper filing with the court that contains [certain personal identifying information such as an individual's social-security number or birth date], a party or nonparty making the filing may include only [a portion of the identifying information, such as the last four digits of the social-security number or year of the individual's birth]." Fed. R. Crim. P. 49.1 (emphasis added).  The advisory committee

notes to Rule 49.1 indicate that trial exhibits are subject to the redaction requirement. Fed. R. Crim. P. 49 advisory committee's notes ("Trial exhibits are subject to the redaction requirements of Rule 49.1 to the extent they are filed with the court.").

Defendants Sam Halper, Michelle Romeo, and Johnna Haller have been charged with conspiring in a scheme to "obtain inflated Medicare and Pennsylvania Medicaid reimbursements by submitting false and fraudulent information" to government payors. Superseding Indictment, ¶ 99, ECF No. 49. Specifically, as alleged in the Superseding Indictment, both Defendants Romeo and Haller "submitted false and fraudulent information to [the government], including false and fraudulent information in the MDS [Minimum Data Set] data regarding the medical condition, nursing care and therapy needs, and clinical and functional status of residents at the CHMS Facilities." *Id.* The allegations charge that these defendants falsified various resident data in submissions to Medicare and Medicaid. Notably, the MDS data that is alleged to have been falsified contains medical information pertaining to the residents at the CHMS Facilities.[1]

To prove the charged reimbursement conspiracy and potentially other Counts charged in the Superseding Indictment, the government intends to offer, among other things, voluminous medical records into evidence during its case in chief. Because of the ubiquity of personal identifying information throughout the medical records, the burden on the government in complying with Rule 49.1 is substantial. Additionally, the government intends to present other exhibits (*e.g.,* voluminous bank records) that contain information subject to Rule 49.1.

---

[1] Though the government intends to present medical records and other exhibits containing information subject to Rule 49.1 related to Counts 14 and 15 of the Superseding Indictment, it may also present medical records or other information with Rule 49.1 information to establish or related to other charged offenses (*e.g.,* Counts 1 through 13). The government provides this allegation and proposed evidence as an example of these types of records that should be subject to the requested Court Order.

The government has taken efforts to redact these materials and limit the disclosure of such information. Namely, the government has made redactions to the proposed exhibits and does not believe that there are any unredacted social security numbers, date of births, or home addresses. That said, the proposed exhibits also contain unredacted medical information and bank account numbers. These medical and bank records are voluminous and the redaction burden is substantial.

Accordingly, the government requests this order out of an abundance of caution. Despite its efforts to protect this information, the government does not want to inadvertently disclose medical information or personal information in open court through the presentation of trial exhibits. Unredacted versions of these records have already been provided to Defendants and will be provided to the Court.

The government respectfully requests that the Court permit the government to admit medical records, bank records, and other voluminous exhibits into evidence without the need to redact in accordance with Rule 49.1. This motion only pertains to the redaction requirements of Rule 49.1. The government is not asking the Court to make any finding of relevance or admissibility regarding these records. As stated, the government seeks this Order out of an abundance of caution and is undertaking efforts to redact personal identifying information.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*s/ Robert S. Cessar*
ROBERT S. CESSAR
Assistant United States Attorney
PA Bar. No. 47736

*s/ Nicole A. Stockey*
NICOLE A. STOCKEY

Assistant United States Attorney
PA Bar. No. 306955

*s/ Karen Gal-Or*
KAREN GAL-OR
Assistant United States Attorney
PA Bar. No. 317258

*s/ Jacqueline C. Brown*
JACQUELINE C. BROWN
Assistant U.S. Attorney
PA Bar No. 330010

*s/ Aaron McKendry*
AARON MCKENDRY
Special Assistant United States Attorney
PA Bar No. 309846

Dated: October 27, 2023