UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:21-cr-00079-RJC |
| SUSAN GILBERT, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANTS' *MOTION IN LIMINE* TO PROHIBIT THE PROSECUTION FROM TAKING PHOTOGRAPHS OF ITS TESTIFYING WITNESSES TO SHOW THE JURY

Defendants Sam Halper, Eva Hamilton, Susan Gilbert, Michelle Romeo, Johnna Haller, Comprehensive Healthcare Management Services d/b/a Brighton Rehabilitation and Wellness Center, LLC, and Mt. Lebanon Operations, LLC, d/b/a Mt. Lebanon Rehabilitation and Wellness Center (collectively, the "Defendants"), respectfully move *in limine* to prohibit the Prosecution from taking photographs of its testifying witnesses at trial for submission to the jury. At the parties' pretrial status conference on October 12, 2023, the Prosecution stated its intention to take photographs of each witness that it calls to testify at trial for presentation and/or submission to the jury. The proposed witness photographs must be excluded under Federal Rules of Evidence 401 and 403, as the risk of their unfair prejudice to Defendants outweighs any minimal, non-probative value that they arguable contain.[1]

### ARGUMENT

To the extent the Prosecution seeks to take photographs of each of its testifying witnesses at trial for presentation to the jury, this Court should exclude those photographs because (a) such

---

[1] The Court's pretrial schedule required the Prosecution to identify all exhibits it might use in its case-in-chief by October 13, 2023. Notably, the Prosecution's exhibit list submitted on that date did not include any photographs of testifying witnesses.

photographs are not themselves evidence; and (b) their value, if any, would be substantially outweighed by their potential for unfair prejudice under Rule 403.

First, the contemplated photographs are not "evidence" because they lack any probative value—that is, they would have no capacity to make any fact relevant to the case more or less probable. Fed. R. Evid. 401.

Second, even if the photographs had any probative value, that value would be "substantially outweighed by a danger of . . . unfair prejudice [and] misleading the jury . . . ." Fed. R. Evid. 403. While presumably the Prosecution wants to pair witnesses' photographs with summaries of their testimony during closing arguments, and for use by the jury during deliberations, the jury will have had "the opportunity fully to observe [the witnesses] at trial," and to take notes regarding the witnesses' appearance and testimony if they consider that information relevant. *United States v. O'Neal*, 742 F. App'x 836, 841 (5th Cir. 2018) (finding that a photograph taken of a government witness at the courthouse had "minimal probative value"). Further, given this trial's expected duration (approximately five weeks), there is minimal value in using photographs to refresh the jurors' recollection about what the Prosecution's witnesses looked like, to the extent such information is even relevant to the jurors at all.

Meanwhile, the risk of prejudice against Defendants and misleading the jury is intolerable. The Prosecution has identified 82 witnesses it intends to call at trial to present its case-in-chief. Photographs of all of these witnesses taken at the courthouse—or, more specifically, on the stand –"could easily [cause the jury to] assume that court employees were sympathetic with [the Prosecution] as opposed to [Defendants]." *O'Neal*, 742 F. App'x at 841. Additionally, to the extent the Prosecution plans to show photographs of all 82 witnesses at once, the impact of that display to the jury would be sufficiently "more substantial than the impact of recalling that there

were numerous witnesses," *United States v. Johnson*, 362 F. Supp. 2d 1043, 1061 (N.D. Iowa 2005), and would improperly prime the jury to decide the case on the volume of the Prosecution's evidence rather than on its quality. Moreover, Defendants do not know whether they will present any witnesses of their own, further raising the specter of unfair prejudice should the Prosecution's photographs be permitted.[2]

As the prejudicial impact of the contemplated photographs substantially outweighs their probative value (which is none), they must be excluded under Rule 403.

* * *

For the foregoing reasons, Defendants respectfully request that this Court exclude the Prosecution's proposed witness photographs.

Dated: October 27, 2023

Respectfully submitted,

/s/ Kirk Ogrosky
Kirk Ogrosky (DC Bar No. 459386)
James D. Gatta (NY 4134573)
Tierney E. Smith (DC Bar No. 1047892)
Admitted *Pro Hac Vice*
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, DC 20036
Tel.: (202) 346-4379
Fax: (646) 304-4507
kogrosky@goodwinlaw.com
jgatta@goodwinlaw.com
tierneysmith@goodwinlaw.com
*Counsel for Defendant Sam Halper*

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll (P.A. ID No. 52180)
Matthew Kussmaul (P.A. ID No. 321313)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

---

[2] Indeed, at the status conference on October 12, 2023, the Prosecution noted, in support of its proposal, that the Defendants could take and offer photographs of their own witnesses. Of course, Defendants have no obligation to put on a case at all. The burden rests entirely with the Prosecution.

(215) 665-8500
moskowb@ballardspahr.com
kussmaulm@ballardspahr.com
*Counsel for Defendant Michelle Romeo*

*/s/ Catherine M. Recker*
Catherine M. Recker (P.A. ID No. 56813)
Amy Carver (P.A. ID No. 84819)
Welsh & Recker, P.C.
306 Walnut Street
Philadelphia, PA 19106
(215) 972-6430
cmrecker@welshrecker.com
abcarver@welshrecker.com
*Counsel for Defendant Johnna Haller*

*/s/ Jonathan Meltz*
JONATHAN MELTZ
Admitted PHV
CHAPMAN LAW GROUP
701 Waterford Way, Suite 340
Miami, FL 33126
Telephone: (305) 712-7177
Jmeltz@chapmanlawgroup.com
*Counsel for Defendant Susan Gilbert*

*/s/ Ronald W. Chapman, II*
Ronald W. Chapman II, Esq., LL.M.
(P73179)
CHAPMAN LAW GROUP
1441 W. Long Lake Rd., Ste. 310
Troy, MI 48098
T: (248) 644-6326
F: (248) 644-6324
RWChapman@ChapmanLawGroup.com
*Counsel for Defendant Eva Hamilton*

*/s/ Colin J. Callahan*
Colin J. Callahan P.A. ID No. 328033
Flannery Georgalis, LLC
707 Grant Street, Suite 2750
Pittsburgh, PA 15219
(412) 339-1336
ccallahan@flannerygeorgalis.com

*Counsel for Defendants Comprehensive Healthcare Management Services, LLC and Mt. Lebanon Operations, LLC*